UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.A. and E.A., on behalf of M.A.,

                    Plaintiffs,

        - against -

EAST RAMAPO CENTRAL                            **Case No.: 07-cv-07075**
SCHOOL DISTRICT,                                        **CLB**

                    Defendant.

_____

### ANSWER

As and for their Answer to Plaintiffs' August 8, 2007 Complaint, Defendants, the East Ramapo

Central School District (hereinafter referred to as "District"), by and through its attorneys, Girvin

& Ferlazzo, P.C., sets forth as follows:

    1.    Admits the allegations contained in paragraph "1" of the Complaint herein.

    2.    Admits the allegations contained in paragraph "2" of the Complaint herein.

    3.    Admits the allegations contained in paragraph "3" of the Complaint herein.

    4.    Upon information and belief the allegations contained in paragraph "4" of the

Complaint herein.

    5.    Admits the allegations contained in paragraph "5" of the Complaint herein.

    6.    Admits the allegations contained in paragraph "6" of the Complaint herein.

    7.    With respect to the allegations contained in paragraph "7" of the Complaint,

acknowledges that Plaintiffs purport to advance various claims under the Individuals with

Disabilities Education Improvement Act, 20 U.S.C. §1415 et. seq., Article 89 of the New York

1

Education Law and implementing state and federal regulations, and denied all factual allegations, statements, and inferences contained therein.

8.     With respect to the allegations contained in paragraph "8" of the Complaint, acknowledges that Plaintiffs purport to advance various claims under the Individuals with Disabilities Education Act ("IDEA")(20 U.S.C. §1415(I)(2)).

9.     Admits the factual allegations contained in paragraph "9" of the Complaint herein and refers all questions of law raised therein to the Court.

10.     Admits the allegations contained in paragraph "10" of the Complaint herein and refers all questions of law raised therein to the Court.

11.     Admits the allegations contained in paragraph "11" of the Complaint herein.

12.     Admits the allegations contained in paragraph "12" of the Complaint herein.

13.     Admits the allegations contained in paragraph "13" of the Complaint herein.

14.     Denies knowledge or information sufficient to form a belief whether J.A. and E.A. secured and funded ABA, speech and language therapy during the 2004-2005 and 2005-2006 school years, including summers and private speech therapy beginning in May 2006, and denies all other allegations, statements, and inferences contained in paragraph "14" of the Complaint herein.

15.     Denies all allegations, statements, and inferences contained in paragraph "15" of the Complaint herein.

16.     With respect to the allegations set forth in paragraph "16" of the Complaint, refers to the Complaint as the best evidence of its contents and provisions thereof, and refers all questions of law to the Court.

17.     With respect to the allegations set forth in paragraph "17" of the Complaint, admits

2

that the records spanned over twelve days with over 2,500 pages of testimony; admits that the Impartial Hearing Officer (hereinafter referred to as "IHO") found that the District denied M.A. a free and appropriate education (hereinafter referred to as "FAPE"), denies all other allegations, statements, and inferences contained therein and refers to the December 30, 2006 decision of the IHO as the best evidence of its contents and provisions thereof.

18.    With respect to the allegations set forth in paragraph "18" of the Complaint, refers to the April 9, 2007 decision of the State Review Officer (hereinafter referred to as "SRO") as the best evidence of its contents and provisions thereof, denies all remaining allegations, statements, and inferences contained therein and refers all questions of law to the Court.

19.    Admits that an article appeared in The Wall Street Journal regarding the SRO and denies all remaining allegations, statements, and inferences contained therein.

20.    With respect to the allegations in paragraph "20" of the Complaint herein, denies knowledge or information to form a belief regarding when Plaintiffs first learned of allegations against the SRO referred to therein and denies all other allegations, statements, and inferences contained therein.

21.    With respect to the allegations set forth in paragraph "21" of the Complaint, refers to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof, and refers all questions of law to the Court.

22.    Admits the allegations contained in paragraph "22" of the Complaint herein.

23.    Denies knowledge or information sufficient to form a belief as to the allegations, statements, and inferences contained in paragraph "23" of the Complaint herein and refers all questions of law to the Court.

3

24.    With respect to the allegations set forth in paragraph "24" of the Complaint, denies all allegations, statements, and inferences contained herein and refers the Court to the decision of the SRO as the best evidence of its contents and provisions thereof.

25.    Denies all allegations, statements, and inferences contained in paragraph "25" of the Complaint herein and refers the Court to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof.

26.    Denies all allegations, statements, and inferences contained in paragraph "26" of the Complaint herein and refers all questions of law to the Court.

27.    Denies all allegations, statements, and inferences contained in paragraph "27" of the Complaint herein, refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents provisions thereof and refers all questions of law to the Court.

28.    Denies all allegations, statements, and inferences contained in paragraph "28" of the Complaint herein,  refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

29.    Denies all allegations, statements, and inferences contained in paragraph "29" of the Complaint herein,  refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

30.    Denies all allegations, statements, and inferences contained in paragraph "30" of the Complaint herein, refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

31.    With respect to the allegations set forth in paragraph "24" of the Complaint, admits

4

. that the IHO found that the District's failure to provide a higher level of speech and language therapy deprived M.A. of a FAPE, denies all other allegations, statements, and inferences therein and refers the Court to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof.

32.    With respect to the allegations set forth in paragraph "32" of the Complaint, admits that the IHO found that the speech and language program offered to M.A. denied him a FAPE and concluded that the weight of the evidence and testimony established that M.A. required 1:1 therapy to benefit based on the severity of his disability, denies all allegations, statements, and inferences contained therein and refers the Court to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof.

33.    With respect to the allegations set forth in paragraph "33" of the Complaint, denies all allegations, statements, and inferences contained therein and refers the Court to the decision of the IHO as the best evidence of its contents and provisions thereof.

34.    Denies all allegations, statements, and inferences contained in paragraph "34" of the Complaint herein.

35.    With respect to the allegations set forth in paragraph "35" of the Complaint, denies all allegations, statements, and inferences contained therein, and refers the Court to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof.

36.    Admits the allegations contained in paragraph "36" of the Complaint herein, refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof, and refers all questions of law to the Court.

37.    With respect to the allegations set forth in paragraph "37" of the Complaint, admits

5

the allegations made therein, refers to the decisions of the IHO and the SRO as the best evidence of their content and provisions thereof, and refers all questions of law to the Court.

38.    Denies all allegations, statements, and inferences contained in paragraph "38" of the Complaint herein, refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof, and refers all questions of law to the Court.

39.    With respect to the allegations set forth in paragraph "39" of the Complaint, denies all allegations, statements, and inferences contained therein and refers the Court to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof.

40.    With respect to the allegations set forth in paragraph "40" of the Complaint, denies all allegations statements and inferences contained therein, refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

41.    With respect to the allegations set forth in paragraph "41" of the Complaint, denies the allegations, statements, and inferences contained therein, refers to the decision of the SRO dated April 9, 2007 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

42.    Denies all allegations, statements, and inferences contained in paragraph "42" of the Complaint herein, refers to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

43.    Denies all allegations, statements, and inferences contained in paragraph "43" of the Complaint herein, refers to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

44.    Admits the allegations contained in paragraph "44" of the Complaint herein.

45.    Denies all allegations, statements, and inferences contained in paragraph "45" of the Complaint herein.

46.    Denies all allegations, statements, and inferences contained in paragraph "46" of the Complaint herein.

47.    Denies all allegations, statements, and inferences contained in paragraph "47" of the Complaint herein and refers to Commissioner's Regulations at 8 N.Y.C.R.R. §200.13(a)(4) in the context of the Part 200 regulations as the best evidence of its contents and provisions thereof.

48.    Denies all allegations, statements, and inferences contained in paragraph "48" of the Complaint herein and refers all questions of law to the Court.

49.    Denies all allegations, statements, and inferences contained in paragraph "49" of the Complaint herein and refers all questions of law to the Court.

50.    Denies all allegations, statements, and inferences contained in paragraph "50" of the Complaint herein and refers all questions of law to the Court.

51.    Denies all allegations, statements, and inferences contained in paragraph "51" of the Complaint herein and refers all questions of law to the Court.

52.    With respect to the allegations in paragraph "52", admits that the classification issue was rendered moot, denies all other allegations, statements, and inferences contained therein and refers all questions of law to the Court.

53.    Denies knowledge or information sufficient to form a belief as to the allegations,

statements, and inferences contained in paragraph "53" of the Complaint herein and refers the Court to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof.

54.     Denies all allegations, statements, and inferences contained in paragraph "54" of the Complaint herein and refers all questions of law to the Court.

55.     Denies all allegations, statements, and inferences contained in paragraph "54" of the Complaint herein and refers all questions of law to the Court.

56.     With respect to the allegations set forth in paragraph "56" of the Complaint, denies all allegations, statements, and inferences contained herein, refers to the decision of the IHO dated December 30, 2006 as the best evidence of its contents and provisions thereof and refers all questions of law to the Court.

57.     Deny all allegations, statements, and inferences contained in paragraph "57" of the Complaint herein and refers all questions of law to the Court.

58.     Denies all allegations, statements, and inferences contained in paragraph "58" of the Complaint herein.

59.     Denies all allegations, claims, statements, prayers for relief, and inferences contained in the "WHEREFORE paragraph" of the Complaint herein.

60.     Denies any and all other allegations, statements, and inferences contained in the Complaint herein, which are not specifically addressed by the foregoing paragraphs.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

61.     Some or all of the allegations contained in the Complaint herein fail to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

62.    Except where the SRO found otherwise, the District offered M.A. a free appropriate public education.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.    As to their claim of bias, Plaintiffs failed to raise their claim to the SRO and failed to exhaust administrative remedies.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.    The issue of M.A.'s classification is not in dispute and, as such, the issue is moot.


WHEREFORE, Defendant asks this Court to dismiss the Complaint in its entirety and for such other and further relief in Defendant's favor as the Court deems appropriate.

DATED:        September 24, 2007

                                   GIRVIN & FERLAZZO, P.C.

                                   By: _____
                                       Karen S. Norlander
                                       Bar Roll No.: KN1860
                                   Attorneys for Defendant
                                   Office and P.O. Address
                                   20 Corporate Woods Blvd.
                                   Albany, New York 12211
                                   Tel:    (518) 462-0300
                                   Fax:    (518) 462-5037
                                   Email: ksn@girvinlaw.com

TO:    Gary S. Mayerson
       Bar Roll No.:
       Attorneys for Plaintiffs
       Mayerson & Associates
       330 West 38th Street, Suite 600
       New York, NY 10580
       Tel.: (212) 265-7200
       Fax: (212) 265-1735