UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

J.A. and E.A., on behalf of M.A.,

                                     Plaintiffs,

                        - against -

East Ramapo Central School District,

                                   Defendant.

---------------------------------------------------------------

**AFFIDAVIT OF
GARY S. MAYERSON**

**Case No.: 07 CV 07075 (CJB)**

STATE OF NEW YORK         )
                                )
COUNTY OF NEW YORK     )

Gary S. Mayerson, being duly sworn, deposes and says:

1.  I am counsel to plaintiffs in this action.  I also represented plaintiffs in the administrative proceedings before the Impartial Hearing Officer ("IHO") and the State Review Officer ("SRO").  I respectfully submit this affidavit and the accompanying memorandum of law in support of plaintiffs' Complaint seeking a modified *de novo* review of the administrative decisions that are the subject of plaintiffs' appeal.

2.  On its modified *de novo* review, this Court should conduct an independent review of the evidentiary record, reviewing questions of law and mixed questions of law and fact *de novo*, and giving due deference, as may be appropriate, to fact findings.

3.  For the convenience of this Court, in light of the prior administrative stages, we provide copies of the following documents:

(a)  Plaintiffs' Demand for Due Process dated July 29, 2005 (Exhibit A);

(b)  Plaintiffs' Post-Hearing Memorandum of Law to the IHO dated November 22, 2006 (Exhibit B);

(c)  IHO Richard Thaler's "Findings of Fact and Decision" dated December 30, 2006 (Exhibit C);

(d)  Plaintiffs' Verified Petition and Memorandum of Law on their limited appeal to the SRO (Exhibit D);

(e)  Plaintiffs' Reply to Answer and Memorandum of Law on Respondent's Cross-Appeal to the SRO (Exhibit E);

(f)  SRO Paul F. Kelly's Decision dated April 9, 2007 (Exhibit F);

(g)  Plaintiffs' Complaint in this action dated August 8, 2007 (Exhibit G);

(h)  Application of a Child with a Disability, Appeal No. 06-011 (Exhibit H); and

(i)  Wall Street Journal Article dated July 9, 2007 (Exhibit I).

4.  The record reflects that the IHO provided only limited reimbursement relief by reason of the IHO's personal and erroneous philosophy that "parents may provide additional, privately paid tutoring after the regular school day has ended, but *school districts are not expected to compensate parents for this*." (Ex. C, p. 14, emphasis added).  The authorities set forth in the accompanying memorandum of law and in plaintiffs' prior briefs (Exhibits B, D, and E) show that, except as to the reimbursement and other related relief that the IHO *did* award, the IHO applied a wholly erroneous standard that eviscerates the IDEIA statute's public policy of *individualizing* and tailoring the child's educational program to meet the child's unique needs.

5.  The IDEIA statute does not confine the availability of special education services to what the IHO referred to as a "regular school day."  The IDEIA statute does not define a "regular school day," nor does it define a minimum standard of appropriateness.  Indeed, special

education services do not even have to be delivered in school. The IDEIA defines the term "special education" as including "specially designed instruction…to meet the unique needs of a child with a disability, including…instruction conducted in the classroom, *in the home*…and in other settings.[1] 20 U.S.C.S. § 1401(29).

6.  Once there is evidence of a material FAPE deprivation, as the administrative record shows in the case at bar, the important standards enunciated by the Second Circuit in <u>Frank G. v. Board of Educ. of Hyde Park</u>, 459 F.3d 356 (2d Cir. 2006), <u>cert. denied</u>, 128 S.Ct. 436 (2007), allow reimbursement upon a mere finding of substantive appropriateness, guided by the Court's less stringent Prong II standard, unless there are compelling equitable considerations.[2]

7.  We respectfully urge that this Court should find that M.A.'s home- and community-based program of 1:1 ABA services amply met the Prong II standard of reimbursability and that there are no compelling equitable considerations that would bar or diminish a reimbursement award. Here, the SRO glossed over the Prong I FAPE deprivations and failed to make any determinations as to the Prong II and Prong III issues.

8.  In the case at bar, the SRO compounded the IHO's error (of imposing his personal "regular school day"-driven philosophy) by largely *stripping away* almost all of the relief that the IHO did grant. The SRO failed to properly apply the less stringent standards set forth in <u>Frank G.</u> and, in essence, improperly took away IHO-ordered reimbursement relief from this family just as he had done to the family profiled in a recent Wall Street Journal article. (<u>See</u> Ex. I). The

---

[1] Similarly, the IDEIA statute provides for extended services that may go far beyond what a school district may normally provide. <u>See</u> 34 C.F.R. § 300. Even the SRO has previously ruled on this issue. "It is well-established that the unique needs of children with disabilities must be considered in determining the specially designed instruction they will receive… Here, the [IHO] ordered that services be reduced based on the length of a school day, rather than based on a determination of what level of services were appropriate to meet the child's special education needs. I am constrained to find here that the impartial hearing officer erred in determining that [the District] was not obligated to provide reimbursement for services beyond the hours of a typical school day." <u>Application of a Child with a Disability</u>, Appeal No. 06-011, p. 5. (Ex. H).

[2] There were *no* findings of parental misconduct that would warrant preclusion or diminishment of the reimbursement claim here.

SRO, just like the IHO, also erred in failing to award reimbursement relief for M.A.'s home- and community-based 1:1 ABA program.

9.   Upon this Court's independent review of the evidentiary record, and after giving any deference that may be due as to administrative fact findings, we request that this Court:

(a) reverse, in part, the April 9, 2007 Decision of the SRO and the December 30, 2006 Decision of the IHO to the extent that they denied relief that plaintiffs had requested;

(b) declare that defendant failed to offer M.A. a FAPE for the 2004-2005 school year, the Summer of 2005, the 2006-2007 school year, and the Summer of 2006;

(c) declare that M.A.'s privately secured programs for the 2004-2005 school year, the Summer of 2005, the 2006-2007 school year, and the Summer of 2006 were appropriate and reimbursable under applicable Prong II standards, and that the equities favor M.A. under Prong III and do not preclude or diminish a reimbursement award;

(d) order that the defendant reimburse J.A. and E.A. for the actual incurred costs of M.A.'s private program for the 2004-2005 school year, the Summer of 2005, the 2006-2007 school year, and the Summer of 2006, and provide M.A. by way of compensatory damages with the full supplementary services M.A. was slated to receive under "pendency";

(e) order that the defendant provide compensatory services, as appropriate, to remedy its gross failure to provide M.A. a FAPE during the 2004-2005 school year, the Summer of 2005, the 2006-2007 school year, and the Summer of 2006;

(f)  declare plaintiffs to be the "substantially prevailing" parties;

(g) grant leave to plaintiffs' counsel to submit a fee application for purposes of statutory attorneys' fees and other recoverable costs at the administrative level, the SRO level, and in this

action, pursuant to the express fee-shifting provisions of the federal IDEIA statute and <u>A.R. v. N.Y. City Dept. of Educ.</u>, 407 F.3d 65, 75 (2d Cir. 2005); and

(h) grant plaintiffs such other, further and different relief as may be just under the circumstances.

Dated: January 18, 2008
      New York, New York                       *s/ **Gary S. Mayerson**__*
                                            Gary S. Mayerson (GSM 8413)
                                            *Attorney for Plaintiffs'*
                                            Mayerson & Associates
                                            330 West 38th Street, Suite 600
                                            New York, New York 10018
                                            212.265.7200
                                            212.265.1735 (facsimile)