UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.A. and E.A., on behalf of M.A.,

                Plaintiffs,

- against -

EAST RAMAPO CENTRAL
SCHOOL DISTRICT,

                Defendant.

**ELECTRONICALLY FILED**

Case No.: **07-cv-07075**
**CLB**

# REPLY MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFFS' MEMORANDUM OF LAW

Respectfully submitted,

GIRVIN & FERLAZZO, P.C.
Attorneys for Defendants
20 Corporate Woods Boulevard
Albany, New York 12211
Tel: 518-462-0300
Fax: 518-462-5037

Karen S. Norlander, Esq. (of Counsel)
Bar Roll No.: KN1860

## TABLE OF CONTENTS

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I      PLAINTIFFS FAILED TO MEET THEIR BURDEN OF PROOF TO SECURE REIMBURSEMENT FOR HOME-BASED SERVICES . . . . . . . . . . . . . . . . . . . . 1

         A.      Plaintiffs' Challenge to the Decision of the IHO is of No Legal Consequence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

         B.      Plaintiffs Are Not Entitled to Reimbursement for After-School ABA Services Under the *Frank G.* Standard . . . . . . . . . . . . . . . . . . . . . . . . . . 2

POINT II      PLAINTIFFS DO NOT OFFER ARGUMENT IN THEIR MEMORANDUM OF LAW TO SUPPORT OTHER ALLEGATIONS INCLUDED IN THEIR COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         A.      The Evidence Does Not Support Plaintiffs' Argument that M.A. Required a FBA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

         B.      The Issue Involving M.A.'s Classification is Moot . . . . . . . . . . . . . . . . 6

         C.      The Evidence Does Not Support Plaintiffs' Allegations That They Were Denied the Opportunity to Participate in the Development of Their Son's IEPs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

         D.      Plaintiffs' Reference to a Newspaper Article is Hearsay and Cannot be Used to Defeat a Motion for Summary Judgment . . . . . . . . . . . . . . . . . 8

POINT III      PLAINTIFFS' ARGUMENT REGARDING THE BURDEN OF PERSUASION IS WITHOUT MERIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## PRELIMINARY STATEMENT

The Defendant submits its Reply to Plaintiffs' Memorandum of Law and Affidavit in opposition to Defendant's Motion for Modified Summary Judgment and Rule 56.1 Statement. Because the Plaintiffs did not respond to Defendant's Rule §56.1 Statement as required under L.R.§56.1, all of the facts the Defendant alleged in its statement must be deemed admitted under the local rules. L.R.§ 56.1(c).

In their Memorandum of Law, Plaintiffs submit several arguments in support of their request for relief, which are addressed below. Plaintiffs have not filed a motion and do not offer any arguments in opposition to Defendant's motion and Memorandum of Law that urges deference to the decision of the State Review Officer and a finding that the Plaintiffs failed to establish a basis for awarding the compensatory services they seek. Plaintiffs have also omitted argument in their Memorandum of Law on a number of the issues raised in their Complaint. For the reasons set forth below and included in its initial memorandum, Defendant asks the Court to dismiss Plaintiffs' Complaint and grant Defendant's motion.

## ARGUMENT

### POINT I

**PLAINTIFFS FAILED TO MEET THEIR BURDEN OF PROOF TO SECURE REIMBURSEMENT FOR HOME-BASED SERVICES**

Plaintiffs present three arguments to support their claim that both the IHO and the SRO improperly denied them reimbursement for the ten hours a week of extended day ABA services they allegedly secured for their son from November 2004 through the summer of 2006.

1

### A. Plaintiffs' Challenge to the Decision of the IHO is of No Legal Consequence

Plaintiffs challenge the IHO's decision as incorrect based on what Plaintiffs referred to as "his regular school day-driven philosophy." Plaintiffs' Memorandum of Law at 3.[1] Although Defendant disputes Plaintiffs' characterization of the IHO's decision,[2] their argument is of no legal consequence. This action involves an appeal from a decision of the SRO, not an appeal from the decision of the IHO.

Although the SRO also found that Plaintiffs were not entitled to the reimbursement they sought for home-based ABA services, his decision was based on separate and independent grounds. Because deference is properly afforded to the SRO and not the IHO (see *Karl v. Board of Educ.*, 736 F. 2d 873, 876-877 (2d Cir. 1984)) and the SRO did not base his decision on the IHO's alleged theory that Plaintiffs attack, (Plaintiffs' Memorandum of Law, pp. 2-4) the argument is of no legal consequence and should be dismissed.

### B. Plaintiffs are not Entitled to Reimbursement for After-School ABA Services under the *Frank G.* Standard

Plaintiffs argue that they are entitled to reimbursement for supplemental ABA services on grounds that, once they established that the IEPs offered by the District were not appropriate, the standard for awarding them reimbursement is governed by the Court of Appeals decision in *Frank*

---

[1] Although the pages in Plaintiffs' Memorandum of Law are unnumbered, they are cited in this memorandum as if they were.

[2] Despite Plaintiffs' argument to the contrary, the IHO's decision to deny reimbursement for home-based services was based on his finding that "M.A. made progress and received meaningful educational benefits from his day time, full time social skills class with his classroom teacher." Norlander Aff. Ex. "B" p.14-15.

2

*G. v. Bd. of Educ.*, 429 F. 3d 356 (2d Cir.2006), *cert. denied,* 128 S. Ct. 436 (2007).

According to the Plaintiffs, once there is a finding of a material FAPE deprivation, the standard articulated in *Frank G.* applies to their claim for reimbursement for ABA services merely upon a "finding of substantive 'appropriateness'" as long as the services "secured by the parents are appropriate in the sense of the efficacy and whether they are 'reasonably calculated' as per *Frank G.*" Plaintiffs' Memorandum of Law, p. 7.

Plaintiffs' argument is fundamentally flawed. As a threshold matter, Defendant disputes Plaintiffs' representation of the applicable standard. Rather than *merely* requiring a finding of substantive appropriateness, the *Frank G.* Court specifically ruled that

> the same considerations and criteria that apply in determining whether the [s]chool [d]istrict's placement is appropriate should be considered in determining the appropriateness of the parents' placement. [T]he issue turns on whether a placement--public or private--is 'reasonably calculated to enable the child to receive educational benefits.'

*Frank G.* at 364 (internal citations omitted).

Unlike the facts here, *Frank G.* involves a case where the parents removed their son from the public schools altogether and placed him unilaterally, at their own expense, in a private school. In that case, the Plaintiffs were awarded tuition reimbursement after a finding that the District's IEP was not appropriate - i.e. "not reasonably calculated to enable the child to receive an educational benefit . . . likely to produce progress not regression." *Id.*

In this case, the Plaintiffs seek to supplement, at public expense, the publicly funded program their son attends with extended day home-based ABA services. In seeking to draw an analogy between the two cases, Plaintiffs disregard critical distinctions. By analogy, Plaintiffs argue that once the IEPs in question are found to be material denials of FAPE, without regard to the

3

reasons, they are entitled to reimbursement for any service they secure as long as the service is "reasonably calculated to benefit the student" (Plaintiffs' Memorandum of Law p. 7) without regard to the *Rowley* standard and a determination that the service was necessary to afford that child the educational benefit. Plaintiffs fail to identify an essential element of the *Rowley* standard and, by their omission, seek to rewrite the rule.

At the same time, Plaintiffs offer no evidence whatsoever to support a finding that the after-school ABA services for which they seek reimbursement were necessary to enable their son to meet his IEP goals or access the general curriculum.[3] Nor do they counter the findings of the SRO to the contrary. Plaintiffs also acknowledge the IHO's finding that, despite the services he found lacking, he simultaneously found that M.A. made progress and received meaningful educational benefits from the program the District recommended for the 2004-2005 school year, without them. Def.'s L.R. ¶ 11(b)(g).

Plaintiffs' only attempt to establish that their son's progress was due to their provision of the after-school ABA program is based on an inaccurate statement and a flawed conclusion. Without any citation to the record, Plaintiffs state, as fact, that "M.A. was receiving the majority of his ABA teaching at home." Plaintiffs' Memorandum of Law p. 2. Based on that "fact," they conclude that "the teaching benefit thus arose largely from the *home-based* ABA program." At the same time,

---

[3] In their memorandum to this Court, Plaintiffs quote that "the IHO held that the 'East Ramapo School District's IEP was inadequate and failed to provide M.A. with a free [and] appropriate public education (FAPE)' for the 2004-2005 and 2005-2006 school years." Plaintiffs' Memorandum of Law p. 2. In quoting from the IHO's decision, they omit the end of his sentence which qualifies his holding to a finding of a denial of FAPE "in the area of speech-language therapy, sessions for stuttering, parent counseling and training and failure to administer the FBA and BIP." Norlander Aff. Ex. "A" p. 15. Notably, he did not find that M.A. was denied a FAPE because the District failed to provide him with the extended day ABA program for which the Plaintiffs seek reimbursement.

4

Plaintiffs admit that the Committee's recommendation for M.A. for the 2005-2006 school year "utilized an ABA model using ABA instruction throughout the day with a heavy emphasis on communication and language" including five hours a week of 1:1 ABA services, (Def.'s L.R.¶¶ 81, 82) thus contradicting their earlier statement that a ten hour a week home-based ABA program provided more. Plaintiffs' Memorandum of Law p. 4. Importantly, Plaintiffs acknowledge that M.A. made progress that year. However, their conclusion that M.A.'s progress was attributable to their program, as opposed to the far more intensive ABA program offered by the District, is fundamentally flawed. Nonetheless, their admission that M.A. made educational progress that year is significant and binding.

In every case involving claims for reimbursement, including *Frank G.*, the parents bear the burden to establish that the program for which they seek payment is appropriate. In accordance with the *Frank G.* standard, Plaintiffs would have to show that the supplemental services they secured were necessary to "enable the child to receive educational benefits" from the school program he attended. *Bd of Educ. v. Rowley,* 458 U.S. 176, 207, 102 S. Ct. 3034, 73 L. Ed. 690 (1982).

According to Plaintiffs' witness, ten hours of ABA services enabled M.A. to "mak[e] . . . progress" and found ten hours of ABA services "appropriate." Def.'s L.R. ¶ 34. According to the record, M.A. received from the District ten hours of 1:1 ABA services a week during the 2004-2005 school year and over the summer of 2005. Def's L.R. ¶¶ 38, 59. Over the next year, M.A.'s program utilized an ABA model offering ABA instruction throughout the day with the addition of 1:1 ABA instruction one hour a day. Def's L.R. ¶¶ 81, 82.

Regarding the summer 2005 and 2005-2006 IEPs, neither Plaintiff, E.A. nor M.A.'s private special education teacher who attended the June 2005 meeting, ever requested that the Committee

consider the need for home-based services. Def.'s L.R.¶¶ 62, 63. M.A.'s private ABA teacher did not recommend or even discuss in her 2005 report the need for after-school ABA services. Def.'s L.R. ¶ 54. Notably, the program recommended by the District for the 2005-2006 school year reflected both the goals and objectives recommended by M.A.'s private ABA teacher, and there is no evidence in the record from any professional witness to support a claim that M.A. required the extended day ABA services for which they seek reimbursement to meet his IEP goals or access the general education curriculum. Consequently, Plaintiffs failed to meet their burden of proof and their claim for reimbursement should be dismissed.

## POINT II

## PLAINTIFFS DO NOT OFFER ARGUMENT IN THEIR MEMORANDUM OF LAW TO SUPPORT OTHER ALLEGATIONS INCLUDED IN THEIR COMPLAINT

### A. The Evidence Does Not Support Plaintiffs' Argument that M.A. Required a FBA

Although raised in their Complaint, Plaintiffs offer no argument to support their claims that the IEP offered for the 2005-2006 IEP was not appropriate because it did not include a FBA or BIP. Compl. ¶¶ 21, 22, 27-30. In the absence of any evidence to the contrary and Plaintiffs' acknowledgment of the statement of their son's teacher that his behavioral difficulties were addressed through the "consistent use of behavior techniques and the use of ABA instruction within the child's program," (Def.'s L.R.¶ 48) their claim should be dismissed.

### B. The Issue Involving M.A.'s Classification is Moot

Except for the allegations in their Complaint (Compl. ¶¶ 43, 52) Plaintiffs offer no argument that the IHO and SRO improperly dismissed their claim regarding M.A.'s initial classification. If

6

the Court should entertain this claim, Defendant asks the Court to consider their acknowledgment that, according to testing completed by Plaintiffs' witness, the "probability of autism was ... [found to be] below average." Def.'s L.R. ¶ 53. This statement offers further support for the SRO's findings on the issue. Norlander Aff. Ex. "A" at 14. In any case, given Defendant's stipulation on the first day of hearing to change M.A.'s classification to autistic, the issue is moot. Norlander Aff. Exhibit "B" p. 2.

### C. The Evidence Does Not Support Plaintiffs' Allegations That They Were Denied the Opportunity to Participate in the Development of Their Son's IEPs

By their own admission, Plaintiffs contradict the allegations in their Complaint that they were denied their right to participate in the development of their son's IEPs. It is undisputed that the June 2005 meeting involved "extended discussion" (Def.'s L.R. ¶ 65) regarding the issue of classification and review of extensive reports in the development of M.A.'s IEP. Def.'s L.R. ¶¶ 66-71. Moreover, the Plaintiffs acknowledge that the IEP recommended for the 2005-2006 school year adopted "a majority of goals and objectives recommended by Mrs. Hauser, the Plaintiffs' witness and special education teacher hired privately by the Parents." Def.'s L.R. ¶ 75. Moreover, Plaintiffs do not dispute or deny that the recommendation of the Committee for the 2005-2006 school year was very similar to the one recommended by their expert in her report. Def's L.R. ¶¶ 54, 74.

When viewed in its totality, Plaintiffs' complaint regarding the lack of participation in the development of their son's IEP boils down to the fact that the Committee did not recommend what they wanted. In such cases, a parent has the right to a hearing to resolve their dispute. In the absence of proof that they were denied the right to participate in meetings because they were denied access to their son's records or never received notice of a meeting or were denied the opportunity

7

to participate, their claim is without merit and must be dismissed. *Cerra v. Pawling Central School District*, 427 F.3d 186, 192-193 (2d Cir. 2005).

### D. Plaintiffs' Reference to a Newspaper Article is Hearsay and Cannot be Used to Defeat a Motion for Summary Judgment

Regarding Plaintiffs' continuing references in their Complaint to a news article that appeared in The Wall Street Journal as evidence that the State Review Officer's decision is biased and thus deserves no deference, it is well settled that the contents of newspaper articles constitute hearsay and are therefore inadmissable. *United States v. Difeaux*, 163 F.3d 725, 729 (2d Cir.1998); *Jackson v. Jimino*, 506 F. Supp.2d 105, 113 (N.D.N.Y. 2007) reconsideration denied by 506 F.Supp. 2d 105 (N.D.N.Y. 2007); *Mandal v. City of New York*, No. 02-CV-1234, 2006 WL 3405005, at *1 (S.D.N.Y. Nov. 26, 2006); *Gonzalez v. City of New York*, 354 F. Supp.2d 327, 347 n. 29 (S.D.N.Y. 2005); *Holmes v. Gaynor*, 313 F. Supp. 2d 345, 358 (S.D.N.Y.2004); *McAllister v. New York City Police Dep't*, 49 F. Supp.2d 688, 705 (S.D.N.Y.1999). Plaintiffs have not pursued the argument in their Memorandum of Law. Regardless, the article, as hearsay, may not serve to defeat Defendant's motion. *Patterson v. County of Oneida*, 375 F.3d 206, 219 (2d Cir.2004).

### POINT III

### PLAINTIFFS' ARGUMENT REGARDING THE BURDEN OF PERSUASION IS WITHOUT MERIT

The State Review Officer correctly held that the Supreme Court's decision regarding burdens of proof under the IDEA (*see Schaffer v. Weast*, 126 S.Ct. 528 (2005)) must be applied retroactively to the instant case. *Harper v. Virginia Dep't of Taxation*, 509 U.S. 86, 97 (1993). In *Harper*, the Supreme Court unequivocally held that judicial interpretations of federal statutes must apply retroactively to "all cases still open on direct review and as to all events, regardless of whether such

8

events postdate [the] announcement of the rule." *Id.* This rule of retroactivity is not a presumptive one, but rather is mandated in all instances in which a judicial decision changes or clarifies the applicable law while an action is pending. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 278 n. 32 (1994). Plaintiffs argue against the retroactivity of the Supreme Court's decision in *Schaffer* by citing to the *Ex Post Facto* Clause of the United States Constitution. Plaintiffs' Memorandum of Law pp. 5-6. Plaintiffs' argument lacks merit. It is well established that the *Ex Post Facto* Clause to the Constitution applies only to legislative acts in the criminal context. *Id.* at 266 n.19 (1994). Accordingly, the determination of the State Review Officer that the *Schaffer* decision applies to the instant litigation must be affirmed.

## CONCLUSION

By the end of spring 2006, M.A.'s academic scores were on grade level. Def.'s L.R. ¶ 103. He had made progress toward his goals. Assessments completed by M.A.'s speech-language therapist in March 2006 found M.A.'s dysfluent speech patterns as "moderate" with "barely noticeable secondary characteristics." Def's L.R.¶¶ 102, 103. With prompting and learned techniques, M.A. was able to "pull out" of dysfluent episodes with good to excellent results and was beginning to use many of the techniques, and sometimes all, with minimal prompting. Def's L.R.¶ 109. Based on formal and informal observations made in school, the evidence showed that M.A. exhibited no signs of struggle, frustration or tension associated with his dysfluent speech. Def's L.R.¶ 106. These facts are all deemed admitted, to which Plaintiffs offer no argument or evidence to the contrary in their Memorandum of Law.

Plaintiffs have not challenged the IEPs offered by the District since the end of the 2005-2006 school year. Def.'s L.R. ¶ 111. If they were dissatisfied with the IEPs recommended by the District

9

after the period of time covered by this litigation, they have not challenged the District's offer of FAPE. Def.'s L.R. ¶ 111; Norlander Aff. Exhibit "B" p. 5. If they were seeking reimbursement for services they secured unilaterally, they never responded to the District's request for proof of payment. Def's L.R.¶¶ 22, 23; Norlander Aff. Exhibit "B" p. 6.

For all the reasons stated herein, Defendant asks this Court to grant its motion for modified summary judgment under the IDEIA, dismiss the Plaintiffs' Complaint and award Defendants any other relief that the Court deems proper.

DATED:   February 20, 2008

GIRVIN & FERLAZZO, P.C.

By: _____
Karen S. Norlander
Bar Roll No.: KN1860
Attorneys for Defendants
Office and P.O. Address
20 Corporate Woods Blvd.
Albany, New York 12211
Tel:   (518) 462-0300
Fax:   (518) 462-5037
Email: ksn@girvinlaw.com

TO:   Gary S. Mayerson
Bar Roll No.:
Attorneys for Plaintiffs
Mayerson & Associates
330 West 38th Street, Suite 600
New York, NY 10580
Tel.: (212) 265-7200
Fax: (212) 265-1735